IN THE COURT OF COMMON PLEAS IN THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | Case No.: 1203000747 |
| v. | ) | |
| | ) | |
| JAHI U. ISSA, | ) | |
| Defendant. | ) | |

Samuel L. Guy, Esquire
P.O. Box 25464
Wilmington, DE 19899
Attorney for the Defendant

Zachary George, Esquire
Deputy Attorney General
Department of Justice
102 West Water Street
Dover, DE 19901
Attorney for the State

Submitted: April 3, 2014
Decided: May 8, 2014

## DECISION ON DEFENDANT'S MOTION TO DISMISS FOR SELECTIVE PROSECUTION AND DEFENDANT'S MOTION TO ALLOW PRE-TRIAL DISCOVERY IN ADVANCE OF MOTION IN LIMINE

Defendant, Dr. Jahi U. Issa, was originally charged with disorderly conduct pursuant to 11 *Del. C.* § 1301(1)(e), offensive touching of a law enforcement officer pursuant to 11 *Del. C.* § 601(a)(1) and (c), and resisting arrest pursuant to 11 *Del. C.* § 1257(b). The charge of disorderly conduct has previously been dismissed by the Court.

Therefore, the two charges remaining against the defendant are offensive touching of a law enforcement officer and resisting arrest. The defendant has filed a motion to dismiss for selective prosecution, or in the alternative, to allow pre-trial discovery in advance of a motion in limine. The Court has obtained a proffer of evidence from the defendant in support of his claim of selective prosecution and has received a submission from the State in opposition to the claim. This opinion constitutes the Court's decision on the defendant's motions. The defendant's motion to dismiss for selective prosecution and his motion to allow pre-trial discovery in advance of a motion in limine are denied.

## LEGAL STANDARD

A selective prosecution claim is not a defense on the merits of the case, but rather, asserts that the prosecutor has brought the charge(s) for reasons not allowed by the Constitution. *United States v. Armstrong,* 517 U.S. 456, 463 (1996). The standard of proof is a "demanding one" because there is a presumption of regularity that supports prosecutorial decisions. *Id.* "[I]n the absence of clear evidence to the contrary, courts presume that [prosecutors] have properly discharged their official duties." *Id.* at 464 (quoting *United States v. Chem. Found., Inc.,* 272 U.S. 1, 14-45 (1926)) (internal quotation marks omitted). However, prosecutorial discretion is subject to constitutional constraint. *Armstrong,* 517 U.S. at 464. The decision to prosecute may not be "deliberately based upon an unjustifiable standard such as . . . the exercise of protected . . . constitutional rights." *Wayte v. United States,* 470 U.S. 598, 608 (1985) (citation omitted) (internal quotation marks omitted). In order to dispel the presumption that

supports prosecutorial discretion, a defendant must present "clear evidence" to the contrary. *Armstrong*, 517 U.S. at 465.

To establish entitlement to discovery on a claim of selective prosecution, the defendant must "produce some [credible] evidence that similarly situated defendants . . . could have been prosecuted, but were not . . . ." *Armstrong*, 517 U.S. at 469. The burden on the defendant upon requesting discovery on such a claim is a lesser burden than requesting dismissal of the case based on such a claim. However, some credible evidence must be produced in order to obtain discovery.

In order to prove a claim of selective prosecution, the defendant must establish two elements: "(1) the policy to prosecute or enforce the law had a discriminatory effect and (2) it was motivated by a discriminatory purpose." *Drummond v. State*, 909 A.2d 594, 2006 WL 2842732, at *2 (Del. Oct. 5, 2006) (TABLE) (citing *Armstrong*, 517 U.S. at 465). "To show discriminatory effect, the defendant must show that a similarly situated person . . . could have been arrested for the same offense for which the defendant was arrested, but was not." *Id.* In order to show discriminatory purpose, "the defendant must demonstrate that intent to discriminate was a motivating factor in the decision to enforce the criminal law against the defendant." *Id.* (citations omitted) (internal quotation marks omitted).


## STATE'S FACTS SUPPORTING THE CHARGES

The Court has heard evidence supporting the open charges of offensive touching of a law enforcement officer and resisting arrest against the defendant as follows.

On March 1, 2012, a demonstration group was gathering at the Martin Luther King, Jr. Student Center ("Student Center"), located on the Delaware State University ("DSU") campus in Kent County, Delaware. The Student Center is a common area where students and other members of the DSU community normally assemble and gather for various reasons. A DSU law enforcement officer was dispatched upon receiving a radio call regarding a possible unapproved protest occurring at the Student Center. When the officer arrived at the Student Center, he observed the defendant addressing a group of about forty people. The group was peaceful and was not disruptive. The officer was not sure if the group should be considered a protest or a gathering, so he contacted his Lieutenant back at the DSU Police Department for direction. Shortly thereafter, Chief Harry Downs ("Chief Downs"), who is the Chief of Police for DSU's Police Department, arrived at the Student Center. Chief Downs met with the law enforcement officer to evaluate the situation. Chief Downs, then, approached the defendant and notified the defendant that he was "Chief Downs." Chief Downs advised the defendant that the group had to disperse because it did not have a permit to demonstrate. The defendant refused. Chief Downs next placed his hand on the defendant so as to escort him away from the gathering. He asked the defendant to come along with him so that they could discuss the matter. The defendant responded by telling Chief Downs "I don't care who you are" and shoved Chief Downs away. At that point, Chief Downs decided to arrest the defendant. He instructed the assisting law enforcement officer to place the defendant under arrest.

The assisting DSU law enforcement officer attempted to place handcuffs on the defendant, but, the defendant refused to place his hands behind his back as instructed. Instead, the defendant pulled himself away from Chief Downs and the law enforcement

4

officer. The law enforcement officer grabbed the defendant and started to remove him from the scene. As they were walking away from the scene, the defendant pulled himself away and fell to the ground. As a result of his conduct, the defendant was charged with the misdemeanor offenses of offensive touching of a law enforcement officer in violation of 11 *Del. C.* § 601(a)(1) and (c) and resisting arrest in violation of 11 *Del. C.* § 1257(b).[1]

## DEFENDANT'S PROFFER

The defendant, who is black, contends that he is entitled to an evidentiary hearing on his claim of selective prosecution. He also contends that he is entitled to discovery on the claim of selective prosecution because he can satisfy the threshold showing that the State has declined to prosecute similarly situated suspects. His argument focuses on two events that he contends will show that with regard to gatherings at DSU involving the exercise of 1st Amendment Constitutional rights:

> (1) the law is enforced solely and exclusively against persons of the black race and not otherwise; (2) the conditions and practices associated with gathering, to which the law was directed, did not exist exclusively among the black members of the DSU community; [and] (3) . . . that the law is applied against black members of the DSU community but not against any caucasian members of the DSU community.

Defs.' Br. at 3.

The first event upon which the defendant focuses is a DSU Equestrian Team protest that occurred prior to the defendant's arrest. The defendant contends that during that protest, the mostly white members of the DSU Equestrian Team rode their horses around the DSU campus. No students or faculty who were involved in the protest faced

---

[1] The defendant contests this version of the facts. However, the Court has found that sufficient credible evidence exists to support the open charges remaining against the defendant.

any arrest or disciplinary actions by DSU, even though horse manure was spread throughout the DSU campus, leading to unsanitary conditions.

The second event upon which the defendant focuses is the "Occupy" Delaware demonstration that took place in Wilmington, Delaware, when protestors established an encampment in Peter Spencer Plaza. During that protest, Wilmington's Mayor made several public statements that emphasized that the protestors would not be forcibly removed, or arrested, until a favorable judgment for the city was obtained in court. The defendant contends that the Occupy Delaware protest disrupted a sheriff's sale that was being held by the Sheriff of New Castle County, but no one was arrested or approached by law enforcement.

The defendant argues that unlike the members of the DSU Equestrian Team and the Occupy Delaware demonstrators, he was unlawfully arrested by DSU police officers. As a result, the defendant contends that his right to free speech under the constitution and his right to exercise his academic freedom pursuant to his employment as a DSU professor were violated. The defendant contends that even though other individuals were present for the protest in which the defendant participated, he was singled out for arrest.

## DISCUSSION

As discussed earlier, a selective prosecution claim is not a defense on the merits of the case, but rather, asserts that the prosecutor has brought charges for reasons not permitted by the Constitution. *United States v. Armstrong*, 517 U.S. 456, 463 (1996). The standard of proof is a "demanding one" because there is a presumption of regularity that supports prosecutorial decisions. *Id.* In order to dispel the presumption that supports

6

prosecutorial discretion, a defendant must present "clear evidence" to the contrary. *Id.* at 465.

The defendant's proffer of evidence supporting his claim of selective prosecution has fallen well short of the evidence necessary to grant his motion to dismiss for selective prosecution. The evidence proffered does not present "clear evidence" that the defendant was charged for an improper purpose with offensive touching of a law enforcement officer and resisting arrest. The defendant's entire argument regarding his selective prosecution claim concentrates on his participation in a demonstration; however, the open charges against the defendant are not for the demonstration. The open charges are the result of the defendant's conduct when he allegedly shoved Chief Downs and resisted arrest. There has been no clear evidence proffered by the defendant showing a similarly situated person that could have been arrested for offensive touching of a law enforcement officer or resisting arrest, but was not. Additionally, the defendant has not demonstrated that discrimination was a "motivating factor in the decision" to enforce the criminal law against the defendant. Therefore, the defendant's motion to dismiss for selective prosecution must be denied and no evidentiary hearing is necessary.

The remaining issue left before the Court regarding selective prosecution is whether the Court should permit and order pre-trial discovery in advance of a motion in limine for the claim of selective prosecution. To establish entitlement to discovery on a claim of selective prosecution, the defendant must "produce some [credible] evidence that similarly situated defendants . . . could have been prosecuted, but were not . . . ." *Armstrong*, 517 U.S. at 469. The defendant must produce "some evidence" to obtain discovery in support of such a claim. *Id.* The burden on the defendant upon requesting

7

discovery on such a claim is a lesser burden than requesting dismissal of the case based on such a claim. However, some credible evidence must be produced in order to obtain discovery.

Again, for the reasons discussed, the defendant's proffer of evidence to establish entitlement to discovery on his claim of selective prosecution falls short. The defendant quite simply has not proffered any evidence that similarly situated defendants could have been prosecuted for the same offenses for which the defendant now has pending against him, but were not. Therefore, the defendant's motion to allow pre-trial discovery in advance of a motion in limine for his claim of selective prosecution must also be denied.

### CONCLUSION

The defendant's motions to dismiss for selective prosecution, or in the alternative, to allow pre-trial discovery in advance of a motion in limine are denied. The only charges pending against the defendant in this case are for resisting arrest and offensive touching of a law enforcement officer. The evidence relied on by the defendant in his proffer does not involve events of similarly situated individuals who resisted arrest or offensively touched law enforcement officers, but were not prosecuted. The defendant has failed to present the Court with "clear evidence" that the State's decision to prosecute him for resisting arrest and offensive touching of a law enforcement officer is based on an unjustifiable standard. The defendant has likewise failed to present the Court with even "some evidence" to support a claim for discovery on the issue of selective prosecution. Therefore, the defendant's motion to dismiss for selective prosecution and

the defendant's motion for discovery in advance of a motion in limine for the claim of selective prosecution must be DENIED.

**IT IS SO ORDERED** this **8**th day of **MAY 2014.**

CHARLES W. WELCH
JUDGE

9